G. H. A. KUNST, Judge.
On July 13, 1944, about two-thirty o’clock P. M., the sun shining and good visibility, claimant’s common-carrier truck and trailer, eleven feet two inches high, duly licensed under state law, being driven north, in passing a streetcar on Murdock avenue, under the jurisdiction of respondent, in the city of Parkers-burg, West Virginia, struck the limb of a tree extending out over the street and caused damage to the trailer amounting to $668.25 for which an award is asked.
The evidence shows: That respondent had exercised jurisdiction over this street only a short time; had no notification of the existence of this limb; no former similar accidents had occurred here to the knowledge of any witness; the scars on the limb were not shown to be due to any previous collision, with trailers, as assumed by brief of claimant; claimant had been operating trucks over this street for a period of approximately *80 fourteen years; the driver of this vehicle was familiar with this street and the conditions pertaining to driving vehicles over it and had driven trucks over it about twelve times; he had been warned of danger incident to lack of clearance and instructed to be alert and exercise care concerning same (which was his duty without instruction) ; there was clear vision for a long distance; the dimensions of his vehicle were known to him, its height and the amount of clearance needed to avoid an obstruction; the distance from the streetcar rail to the east curb of street was one hundred and forty-seven inches; the roof of streetcar extended over the rail approximately twenty inches; the trailer was ninety-four inches wide and the vehicle, including the tractor and trailer, was thirty-three feet in length; the distance from the street curb necessary to clear limb of the tree was twenty-seven inches; the sway of the streetcar was from four to six inches; adding extension of streetcar over rail, twenty inches, width of trailer, ninety-four inches, distance to curb for clearance of limb, twenty-seven inches, made a total of one hundred and forty-one inches and left a space of six inches; adding the sway of the streetcar, there was left no extra space between the streetcar, the trailer and the clearance of the limb. The approaching streetcar and the limb were both visible long before passage would take place. The speed of his vehicle was ten miles an hour or less.
A choice of two courses of conduct were open to the driver; his duty was to exercise ordinary care in choosing which course to pursue. One course was safe, offering no hazard whatever, by stopping.
The other course was driving his vehicle, thirty-three feet in length, between a swaying streetcar, through a passage way having an extra width of only six inches, or no extra width, by reason of the swaying streetcar.
Ordinary, reasonable care is such as is commensurate with apparent danger. This court is of opinion that the driver of this vehicle did not exercise such care in choosing the latter course of conduct: 45 C. J. 961, section 516.
An award is denied and the case dismissed.